UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHERRYL AUGUSTE, et al., | |
| Plaintiffs, | |
| -against- | 24-CV-00080 (LTS) |
| U.S. CUSTOMS AND BORDER PROTECTION, et al., | TRANSFER ORDER |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs, who reside in Canada, bring this action *pro se*.[1] Plaintiffs invoke the Court's federal question and diversity jurisdiction. They allege that their claims arose in 2023, in Saint Lawrence County, New York. For the following reasons, this action is transferred to the United States District Court for the Northern District of New York.

## DISCUSSION

Under the general venue provision, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

---

[1] Only Plaintiff Cherryl Auguste has signed the complaint. Public viewing of the complaint is currently restricted, under Rule 5.2 of the Federal Rules of Civil Procedure, because it is unclear if the other plaintiffs are Plaintiff Cherryl Auguste's minor children.

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiffs allege that in August and December 2023, Defendants violated their rights in Massena, New York, and Ogdensburg, New York, both of which are in Saint Lawrence County. Plaintiff Cherryl Auguste alleges that she was "illegally arrested without cause." (ECF 1 at 6.) Named as Defendants are the U.S. Customs and Border Protection, the U.S. Department of Homeland Security, the U.S. Citizenship and Immigration Services, and the U.S. Embassy in Ottawa, Canada.

Defendants do not all reside in the same State, and thus venue does not lie in this district under Section 1391(b)(1). Venue also not lie in this district under Section 1391(b)(2), because Plaintiffs allege that the claims arose in Saint Lawrence County, New York, which is outside this district. Venue thus is not proper in this district.

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Saint Lawrence County is in the Northern District of New York. 28 U.S.C. § 112(a). Venue under Section 1391(b)(2) is proper in the Northern District of New York, where Plaintiff's claims arose. Because venue is proper in the Northern District of New York, in the interest of justice, the Court transfers this action to the United States District Court for the Northern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further

without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 8, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge